(May 9, 1913.)

STATE, Respondent, v. AUGUST VOGEL, Appellant.

[132 Pac. 107.]

INSUFFICIENCY OF EVIDENCE.

> 1. Evidence in this case examined, and *held* insufficient to support a verdict of conviction.

APPEAL from the District Court of the Ninth Judicial District for Bonneville County. Hon. James G. Gwinn, Judge.

Prosecution for larceny. Judgment of conviction. Defendant appeals. *Reversed.*

B. J. Briggs, for Appellant.

When circumstantial evidence is relied upon to warrant a conviction, "the facts must not only be consistent with guilt, but must exclude every other reasonable hypothesis save that of guilt." (*State v. Fisher,* 1 Penne. (Del.) 303, 41 Atl. 208; *Campbell v. State,* 123 Ga. 533, 51 S. E. 644; *State v. Terrio,* 98 Me. 17, 56 Atl. 217; *State v. Morney,* 196 Mo. 43, 93 S. W. 1117; *State v. Trail,* 59 W. Va. 175, 53 S. E. 17.)

The facts and circumstances essential to the conclusion sought must be proven by competent evidence beyond a reasonable doubt, and, when taken together or as a whole, must be of such a character as to be consistent with each other and

with the hypothesis sought to be established thereby and inconsistent with any reasonable hypothesis of innocence." (*State v. Collins,* 5 Penne. (Del.) 263, 62 Atl. 224; *State v. Woolard,* 111 Mo. 248, 20 S. W. 27; *State v. Faulkner,* 175 Mo. 546, 75 S. W. 116; *Smith v. State,* 61 Neb. 296, 85 N. W. 49; *Territory v. Lermo,* 8 N. M. 566, 46 Pac. 16.)

"Though an offense may be proven by circumstantial evidence, such evidence must go beyond mere suspicion and conjecture, as the presumption of innocence is not to be overcome by mere strong suspicion." (*State v. Crabtree,* 170 Mo. 642, 71 S. W. 127; 12 Cyc. 448; *People v. Ward,* 105 Cal. 335, 38 Pac. 945; *People v. Nelson,* 85 Cal. 421, 24 Pac. 1006.)

J. H. Peterson, Attorney General, J. J. Guheen and T. C. Coffin, Assistants, for Respondent.

Where there is a substantial conflict in the evidence, and there is any evidence to sustain the verdict, it will not be disturbed. (*State v. Nesbit,* 4 Ida. 548, 43 Pac. 66; *United States v. Camp,* 2 Ida. 231 (215), 10 Pac. 226; *State v. Silva,* 21 Ida. 247, 120 Pac. 835.)

The sufficiency of an explanation of the recent possession of stolen goods is a question of fact and not of law, and is solely a question for the jury. (*State v. Ireland,* 9 Ida. 686, 692, 75 Pac. 257; *State v. King,* 122 Iowa, 1, 96 N. W. 712; *State v. Mandich,* 24 Nev. 336, 54 Pac. 516; *Smith v. State,* 58 Ind. 340; *State v. Marshall,* 105 Iowa, 38, 74 N. W. 763.)

AILSHIE, C. J.—The defendant was convicted of the crime of larceny and sentenced to an indeterminate term of from one to fourteen years in the state penitentiary. This appeal involves only one question, and that is the sufficiency of the evidence to support the verdict and judgment.

The defendant was a butcher at Idaho Falls, and the prosecuting witness was also a butcher who was interested in an opposition shop at the same place. The evidence in the case is only circumstantial. It seems to be admitted that the prosecuting witness lost a beef steer, as testified to by him and other witnesses for the state. It is equally clear and

is practically admitted that the defendant did not in person take the animal. However, the intimation seems to run through the record that the defendant received the animal, knowing it was stolen, and that he was in some way interested in or accessory to the larceny of the animal.

We have examined with care all the evidence contained in the record for the purpose of discovering the evidence and circumstances on which the verdict in this case was based and on which it can legally rest. We have utterly failed to find evidence sufficient to justify a conviction. As said by this court in *State v. Burke*, 11 Ida. 420, 83 Pac. 228, if the defendant be guilty, he should "be convicted upon evidence and not upon insinuations and innuendo. The administration of even-handed justice demands it, and the law will sanction no other kind of a conviction. It is not enough to say a crime has been committed and somebody has committed it, and that somebody shall pay the penalty therefor, and that the state has been unable to find any other person upon whom they could fasten the crime, and that it is entirely possible and was altogether convenient for the defendant to have perpetrated the offense. Something more must be done; facts or circumstances should be developed tending to connect the defendant with the commission of the offense such as would be inconsistent with the actions and conduct of an innocent man."

We do not feel that the verdict in this case should be allowed to stand. There are circumstances contained in the record which lead us to the unavoidable conviction that a new trial should be had in this case. For that reason we refrain from further comment on the evidence.

The judgment is reversed, and the cause is remanded and a new trial is ordered.

Stewart, J., concurs.

SULLIVAN, J.—I dissent. I think the evidence shows the defendant was guilty beyond a reasonable doubt, and that the jury were fully justified from the evidence in finding him guilty.